JOAB W. WHITE v. McComb City Drug Store.

APOTHECARY.   *Prescription.   Refusal to return.   Liability.*

> Where an apothecary receives a written prescription from a cus-
> tomer and refuses to fill the same because the customer owes
> him for medicines previously furnished, he
>
> (*a*) Is not entitled to retain the prescription, after demand, as a
> record of his business or as an instrument of evidence, but
>
> (*b*) Should return the prescription to the customer, and is liable
> for damages if he willfully refuse to do so.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

White, the appellant, was plaintiff in the court below; the
defendants there were James B. Alford and others, doing busi-
ness as copartners under the firm name of "McComb City
Drug Store," the appellees.   From a judgment in favor of the
defendants the plaintiff appealed to the supreme court.

Appellant filed his declaration against appellees, in which
he alleged that defendants were engaged in the drug business,
buying, selling, and compounding drugs, and held themselves
out as apothecaries fully capable to fill prescriptions prepared
and written by physicians; that plaintiff had been doing
business with them and sent prescriptions to them be-
fore, which had been filled, and he had reason to believe
that they would continue to fill his prescriptions; that
he had always paid them promptly for medicines; that
he was taken violently ill and called a physician, who
prescribed for him to   relieve him of his suffering,
for which he paid the physician, and he immediately sent the
prescription to defendants to have it filled; that it was received
by defendants, but they willfully, negligently, and oppressively
refused and failed to fill it, claiming that plaintiff owed them;

that plaintiff, when this was reported to him, sent a messenger to demand the prescription to have it filled by others, but defendants willfully, knowingly, and oppressively disregarded plaintiff's rights, and refused and neglected to deliver to plaintiff said prescription, which was his property and for which he had paid, and retained same in their possession without right; that plaintiff was thus forced to send for the physician again and get another prescription, and had to wait six hours to get the physician; that plaintiff was caused by the said wrongful acts of defendants to suffer great pain, both mental and physical, and had to pay an additional sum of $2.50 for another prescription.

Defendants filed several pleas to this declaration. The second plea was as follows: "Now come the defendants, and, for a further and second plea in this behalf, say that, when and where the said plaintiff sent said prescription to the defendants as alleged, they received the same, and then and there compounded and filled same, and then and there offered and tendered to said messenger the said medicine, as compounded, upon the payment of reasonable and customary price, and that the said prescription then and there became, and was, a record of the said defendants, and the said plaintiff, after the same being filled as aforesaid, had no right to demand and take possession of the same; and that said plaintiff then and there refused to pay said price and receive said medicine. And this defendants are ready to verify." Plaintiff demurred to this plea, and the demurrer was overruled, and plaintiff filed his replication thereto. Defendants demurred to the said replication, and the demurrer was extended back to the declaration, and the cause dismissed.

*Hugh V. Wall,* and *Clem V. Ratcliff,* for appellant.

The declaration states a cause of action. Defendants filed a plea of the general issue and a special plea setting up certain matter which was in no wise an answer to the declaration.

Plaintiff demurred to the special plea. The court below erroneously overruled this demurrer. Plaintiff then replied, denying the allegations of said plea. Defendants demurred to the replication, and said demurrer was run back and sustained to the declaration, and the suit dismissed. This ruling was erroneous, and this court should reverse the judgment because thereof. The demurrer was a general one, and if the declaration be good in part, the demurrer should not have been sustained to it.

The declaration is good as a whole, but certainly the part is good which charges that "plaintiff would further show that if the defendants had given up the said prescription to him, after they refused to fill same, he would not have suffered more than one hour; but by defendants' willful and negligent act in the premises, refusing to give up said prescription, plaintiff was forced to suffer great pain and mental agony for five hours, for which the defendants are the sole cause by and through their wrongful and oppressive withholding of the said prescription from him."

This sentence alone from the declaration presents a good cause of action under our statute, Code 1892, § 671. *Hurst* v. *Southern Railroad Co.,* 40 Miss., 391; *Dowell* v. *Boyd,* 3 Smed. & M., 592; *Scott* v. *Peebles,* 2 Smed. & M., 546; *Levy* v. *Dyess,* 51 Miss., 501; *Haynes* v. *Potts,* 56 Miss., 346; *Alexander* v. *Telephone Co.,* 66 Miss., 161; *Cummings* v. *Doughely,* 73 Miss., 405; *Washing* v. *Soria,* 73 Miss., 665; *Bains* v. *Wells,* 19 South. Rep., 774; K. M. & B. R. R. Co., 21 South. Rep., 444; *Daly* v. *Millory,* 26 South. Rep., 217.

The courts have held that a demurrer reaches back to the declaration only when a judgment would not stand because of the fatally defective declaration. *State* v. *Bowen,* 45 Miss., 347; *Shoults* v. *Kemp,* 57 Miss., 218; *Prairie Lodge* v. *Smith,* 58 Miss., 301.

A demurrer going to the whole of a declaration should be overruled; if part be stricken out, a good cause of action

will be left.  See 19 South. Rep., 774; 21 South. Rep., 444; 24 South. Rep., 374; 24 South. Rep., 489; 23 South. Rep., 810; 18 South. Rep., 657; 19 South. Rep., 485; 24 South. Rep., 535; 28 South. Rep., 617.

*Mixon & Butler,* for appellee.

It will be noted from the declaration that the plaintiff relies upon two grounds for recovery, stated in the alternative—to wit: Refusal of defendant to fill or to return the prescription.

It is admitted by the pleadings that the prescription was filled and the medicine tendered to the plaintiff.  This being true, plaintiff had no right to demand a return of the prescription.  The prescription is only an order to a druggist for certain medicine compounded as directed, and no one has property right therein after it has been filled and the medicine called for, tendered, or delivered to the party presenting it, for the very obvious reason that necessity demands that the druggist preserve the same as a record to protect himself against impositions and unjust litigation for negligently compounding.  It will be noted that appellant relies most strongly upon the refusal of defendant to return the prescription.

Ordinarily, a druggist is not liable for damages for refusing to fill a prescription.  The physician might make a mistake as to relative proportions of the drugs and order the compounding of a deadly poison by error, and the druggist, from his experience and knowledge of chemistry, would be more capable of judging of the effect of the compounded medicine than the physician himself.

It is a familiar rule that pleadings are to be construed most strongly against the pleader; and as the plaintiff states his cause of action in the alternative, one of which is good and one of which is bad, his declaration must fail.  6 Ency. Pl. & Pr., 759, and notes; *Powell* v. *Stowers,* 47 Miss., 577; *Clary* v. *Lowry,* 51 Miss., 879.

The last case cited was decided under the code of 1871, which enacted practically our present rules of pleading.

Under the facts stated in the declaration the plaintiff relied upon two separate and distinct grounds of recovery, and the right of action arises out of one continuous trespass or wrong to the same subject-matter, but out of two distinct and wholly different and disconnected wrongs. An action for refusing to fill the prescription under the facts as stated in the declaration is in its nature *ex contractu,* for the breach of an implied contract, an *assumpsit.* Peuterbaugh's Pl. & Pr. (6th ed.), 57. An action for the refusal to return the prescription is in its nature an action *ex delicto* for the wrongful conversion of personal property.

It is well established that when a declaration joins separate and distinct causes of action in one count, it is demurrable. 6 Ency. Pl. & Pr., 340, *et seq.,* and notes. Actions in form *ex contractu* cannot be joined with actions in form *ex delicto.* Shipman's Common Law Pleading (2d ed.), secs. 250–255. A general demurrer to such declaration will lie. *Ib.,* sec. 259; *Hazlehurst* v. *Cumberland, etc., Co.,* 83 Miss., 305; *Elder* v. *Hilzeim,* 35 Miss., 231. Of course we concede that forms of action in this state have been abolished, as also special demurrers; but upon a demurrer the court will search the whole record and give judgment to the party who, on the whole, is entitled to it. *McGavock* v. *Whitfield,* 45 Miss., 452; *State* v. *Bowen,* 45 Miss., 347; *Shoults* v. *Kemp,* 57 Miss., 218; *Prairie Lodge* v. *Smith,* 58 Miss., 301.

The action of the court was correct in overruling plaintiff's demurrer to defendants' second plea. The plea was good as a matter of law, and the grounds of demurrer were too remote. *Cowen* v. *Mosley,* 28 South. Rep., 78.

The action of the court was correct in sustaining defendants' demurrer to plaintiff's replication to defendants' second plea, because it fails to deny that the prescription was filled and the medicine therein called for tendered as set out in the plea.

Cox, J., delivered the opinion of the court.

The court erred in visiting defendants' demurrer to the replication to the second plea back upon the declaration. We recognize, of course, the rule that a demurrer at any stage of the pleadings searches the entire record, and will be applied to any of the earlier pleadings that are fatally defective. But in our judgment the declaration in this case states a good cause of action. It is not a case of the joining of a cause of action *ex contractu* with one *ex delicto*. The gravamen of the declaration, as we read it, is the action of defendants in willfully, knowingly, and oppressively, and in total disregard of plaintiff's rights, refusing to deliver to plaintiff his prescription, after having willfully and oppressively refused to fill the same, claiming as the reason that plaintiff owed them a bill. If this be not a tort, both willful and oppressive, it would be difficult to conceive of one. Plaintiff would be entitled, on the facts stated, to a judgment for such sum as a jury would find, under proper instructions as to the measure of damage.

The court also erred in not sustaining plaintiff's demurrer to defendants' second plea. It does not respond to all the material allegations of the bill. It does not distinctly traverse nor explicitly confess and avoid. It, by inference, admits the refusal to give plaintiff back his prescription, but it does not deny that this was after defendants had refused to fill the same, claiming that plaintiff owed them a bill. The plea is further insufficient in this: that it seeks to justify defendants in refusing to give plaintiff back his prescription upon the ground that they had compounded the medicines called for in the prescription, and tendered them to plaintiff, who refused to pay the price demanded, and that, because the prescription had been compounded and filled, it became a record of defendants, and plaintiff had no right to demand or take possession of the same. It may be that apothecaries, after filling a prescription and delivering the medicines, have the absolute right to retain the prescriptions as a record of their business. Upon this point

we express no conclusive opinion, because it is not necessary to the determination of the case presented by this record. But we cannot assent to the proposition that an apothecary who has refused to deliver the medicines called for in the prescription, because the party presenting it is unable or unwilling to comply with his terms as to payment, can retain in his possession the prescription, against a demand for its return. So to hold would be to place the sick largely at the mercy of the apothecary, and to cause suffering, and maybe death, to the poor, in cases where a demand for a cash payment could not be complied with. The rule contended for on behalf of appellees is not necessary for their protection. When a prescription is presented, they can easily ascertain before compounding the medicines whether their terms as to payment will be complied with. If the medicines are not delivered, they can have no need of the prescription as a record of their business or as an instrument of evidence. Having received a prescription, we think they should either deliver the medicines or return the prescription.

*Reversed and remanded.*